

The Honorable _____

**10-CV-00226-BOND**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Clifford L. Deputy<br>dba Screenhits Productions,<br>a Washington Individual,<br><br>Plaintiff,<br><br>v.<br><br>AB Universal LLC,<br>a Florida LLC, and<br><br>Yeszenia C. Gulloso,<br>a Florida Individual<br><br>Norberto Salcedo,<br>a Florida Individual<br><br>Defendants. | **C10-0226 RAJ**<br>Civil Action No. _____<br><br>COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT |

1.  Clifford L. Deputy, dba Screenhits Productions, is a Washington individual, whose principal place of business is at 724 Pierce Street, Port Townsend, WA 98368. DEPUTY is in the business (inter alia) of creating and distributing digital backdrops on video cassette and video disc for the purpose of providing photographic backdrops.

2.  Defendants AB Universal LLC, Yeszenia Gulloso and Norberto Salcedo are, respectively, an LLC and individuals residing and doing business at 409 Great Pond Drive, Kissimmee, Florida 34746. Defendants are doing business and may be found at this address.

Complaint
Page 1 of 4

Plaintiff is informed and believes and on that basis alleges that Defendants are in the business of distributing digital backdrops for the purpose of photographic backdrops.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1331, 1332 and 1338.

4. The current venue is proper pursuant to 28 U.S.C. §1391(b) because Plaintiff's claims arise in this District.

5. Between the time of April 2005 and early 2008, Plaintiff created numerous backdrops, entitled "Official Portrait" and "Grunge" through "Grunge 1-9". This matter was wholly original with DEPUTY and is copyrightable subject matter.

6. Upon January 15, 2010, Plaintiff filed copyright applications on the creations entitled "Official Portrait", "Grunge" and "Grunge 1-9". On or about, September 18, 2009, Defendants opened EBAY ID ALLYSONDESIGN to display and market digital backdrops, including one or more of Plaintiff's creations.

7. At no time has Plaintiff authorized Defendants to reproduce, distribute or market the subject matter of "Official Portrait", "Grunge" and "Grunge 1-9".

8. By reason of Defendants' infringement and threatened infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in the copy-written work.

9. Further, irreparable harm to Plaintiff is imminent and is a result of Defendants' conduct. and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, agents, employees and representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

10. Defendant is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement.

11. Plaintiff is at present unable to ascertain the full extent of the monetary damage he has suffered by reason of Defendants' act of copyright infringement, but Plaintiff is informed and believes and on the basis of such information and belief, that Plaintiff has sustained such damage in the amount exceeding $20,000.

12. Plaintiff is further entitled to recover from the Defendants the gains, profits and advantages they have attained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of its acts of copyright infringement, but Plaintiff is informed and believes and on the basis of such information and belief, alleges that Defendants have obtained such gains, profits and advantages in the amount exceeding $20,000.

13. WHEREFORE, Plaintiff prays as follows:

1. For a temporary restraining order, a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting and offering for sale and/or selling any materials that are substantially similar to the copyrighted work, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession and control.

2. For actual damages and Defendants' profits in the amount in excess of $20,000, to be determined at trial, plus interest.

3. For the reasonable attorneys fees and costs and for such other relief as the Court deems just and proper.

Complaint
Page 3 of 4

Brought and placed for service this 22 day of January, 2010, at Seattle, Washington.

/s/ Robert A. Jensen
Robert A. Jensen
JENSEN & PUNTIGAM, P.S.
2033 6th Ave. #1020
Seattle WA 98121
Phone: 206-448-3200
FAX: 206-441-5514
E-mail: bj@jensenpuntigam.com